**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DONVILLE JAMES,                                          Civil No. 11-2609 (PJS/JJK)

      Petitioner,

      v.                                                                **REPORT AND**
                                                                                                **RECOMMENDATION**
B.R. JETT,

      Respondent.

_____

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.   (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

I.      BACKGROUND

In 2002, federal criminal charges were brought against Petitioner in the United States District Court for the Northern District of Illinois.  He was accused of multiple criminal offenses involving drug dealing, counterfeit money, and illegal possession of a

---

[1]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."   Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.   Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

firearm.   The charges against Petitioner were based largely on evidence gathered by a confidential informant.   Petitioner agreed to buy cocaine from the informant, and he planned to pay for it with counterfeit money.   The informant gathered incriminating evidence against Petitioner by using a recording device that recorded statements made by Petitioner.   However, the recording device allegedly failed to record a critically important conversation between Petitioner and the informant.   According to Petitioner, if that conversation had been recorded and played to the jury, he would have been exonerated.   Petitioner believes that the informant or Government agents deliberately tampered with the device, (or a recording made by the device), and thereby eradicated the allegedly exculpatory conversation.   Thus, the recording device itself became an issue at Petitioner's trial.

Before the trial began, Petitioner's attorneys requested an opportunity to inspect the recording device.   The Government opposed that request citing "national security" considerations.   The trial court judge did not rule on the request, but urged the attorneys to resolve the dispute between themselves.   The attorneys then entered into a stipulation, which stated that the recording device was working properly at the time of the allegedly exculpatory conversation between Petitioner and the informant.   The stipulation also stated that the Government declined to make the recording device available for inspection pursuant to a "privilege deemed valid by the Court."   (Petition, [Docket No. 1], Attachment p. ii.)[2]   Because the Government stipulated that the recording

---

[2]   According to the Seventh Circuit Court of Appeals, the stipulation read as follows:

"It is stipulated between the parties that the recording and transmitting

device was not malfunctioning, Petitioner was able to argue that the informant (or someone else) must have tampered with the device and eliminated the allegedly exculpatory conversation.

When Petitioner's trial was coming to a close, and jury instructions were being formulated, the attorneys and the trial judge realized that the stipulation about the recording device wrongly indicated that the Government's assertion of a national security privilege had been "deemed valid by the court."   In fact, the trial court had not actually ruled one way or the other on the validity of the proposed national security privilege. Moreover, the trial court declined to rule on the privilege issue during the jury instruction discussion, because the stipulation seemed to obviate the need for such ruling.[3]

The jury found Petitioner guilty of (1) attempting to possess with intent to distribute more than five kilograms of cocaine, (2) carrying a firearm during a drug trafficking crime, and (3) a counterfeiting offense.   He was sentenced to a total of 211 months in federal prison, and he is presently serving his sentence at the Federal Medical Center in

---

device used by the Government on March 25[ ], 2002 in this case was not malfunctioning on that day. The device was capable of recording and transmitting and the device was capable of being turned on and off by the Government agents and informant involved in the case. [ ¶ ] [ ][I]t is further stipulated that the Government has declined to produce the recording[-]transmitting device for viewing by this jury pursuant to a privilege which the Court has deemed valid."

United States v. James, 487 F.3d 518, 527 (7th Cir. 2007).

[3]   The Seventh Circuit Court of Appeals later explained that the trial court "declined to rule definitively on the privilege during the jury instruction conference, but agreed to instruct the jury that the Government had declined to turn over the device based on a claim of privilege deemed valid by the court because such instruction would 'track the language of the stipulation'."   James, 487 F.3d at 527.

Rochester, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal with the Seventh Circuit Court of Appeals.   In that appeal, Petitioner argued that the trial court erred by failing to order the Government to make the recording device available for inspection.   The Court of Appeals held that Petitioner had waived that argument when he entered into the stipulation regarding the recording device.   United States v. James, 487 F.3d 518, 527 (7th Cir. 2007) ("[t]his stipulation constitutes the intentional relinquishment of a known right; the issue therefore is waived").   All of Petitioner's other arguments were also rejected, and his conviction and sentence were affirmed on direct appeal.   Id. at 530.

Petitioner later challenged his conviction and sentence by filing a post-conviction motion in the trial court under 28 U.S.C. § 2255.   Petitioner's § 2255 motion raised numerous grounds for relief, including several claims of ineffective assistance of counsel.[4]   One of Petitioner's ineffective assistance of counsel claims, identified as "Claim 16," pertained to the stipulation regarding the recording device.   Petitioner claimed that his attorneys committed a grievous error by entering into that stipulation, because it prevented him from proving that the Government eradicated a recording of his alleged exculpatory conversation with the informant.

The trial judge rejected all of the claims raised in Petitioner's § 2255 motion,

---

[4]   The trial court record for Petitioner's post-conviction proceedings in his Illinois federal criminal case is accessible to the Court by means of the Case Management – Electronic Case Filing system, ("CM/ECF"), that is maintained by the federal judiciary. Thus, the Court has been able to review the documents of record in those proceedings. The length of Petitioner's § 2255 motion (151 pages) shows that it was extremely comprehensive.

including Claim 16.   The judge explained that Petitioner could not blame his attorneys for any adverse effects of the stipulation pertaining to the recording device, because Petitioner had personally approved the stipulation.   The judge also found that Petitioner was not prejudiced by the stipulation "because the Court deemed valid the government[']s assertion of privilege against disclosure of the recording device, preventing Petitioner from inspecting the device even if he had not waived his right to do so."   (Emphasis added.)[5]

After the trial judge denied the § 2255 motion, Petitioner filed a motion seeking further review of Claim 16 pursuant to Fed. R. Civ. P. 60(b).   Petitioner's Rule 60(b) motion, (which was fourteen pages long), was devoted exclusively to Claim 16 of the § 2255 motion.   Petitioner again argued that his attorneys had erred by entering into the stipulation that prevented him from inspecting the recording device, and he specifically challenged the trial court's reasoning for rejecting Claim 16 of the § 2255 motion. Petitioner argued that the judge erred when he stated that the Governmental privilege pertaining to the recording device had previously been "deemed valid."   In fact, Petitioner contended, the privilege clearly had not been deemed valid, and thus the trial judge's adjudication of Claim 16 was plainly erroneous.   However, the trial court judge denied Petitioner's Rule 60(b) motion.[6]

---

[5]   James v. United States, No. 1:08-cv-1416 (N.D.Ill. 2008), "Memorandum Opinion and Order" dated July 15, 2008, [Docket 16], at p. 13.   (As previously noted, see n. 4, supra, the trial court record from Petitioner's post-conviction proceedings is accessible to this Court via CM/ECF.)

[6]   The judge's order denying the Rule 60(b) does not provide a detailed explanation of his reasoning.   It simply states that the previous denial of Petitioner's § 2255 motion did not involve any mistake warranting relief pursuant to Rule 60(b).   James

Petitioner then attempted to appeal the trial judge's rulings on both his original § 2255 motion, and his Rule 60(b) motion.  The trial judge declined to grant Petitioner a Certificate of Appealability, (see 28 U.S.C. § 2253), but the Seventh Circuit Court of Appeals reviewed that ruling.  The Court of Appeals found that Petitioner's Rule 60(b) motion properly challenged the trial judge's ruling on the § 2255 motion.  However, after conducting an independent review of the record, including the trial court's ruling on the Rule 60(b) motion, the Court of Appeals concluded that Petitioner was not entitled to relief on appeal.[7]

After the Court of Appeals upheld the trial court's ruling on the Rule 60(b) motion, Petitioner returned to the trial court with a self-styled "Motion of Recusal."   In that motion, Petitioner asked the trial court judge to recuse himself, and allow Petitioner's criminal case to be assigned to a new judge.  By the time that motion was heard, the trial court judge had retired.   Petitioner's criminal case was assigned to a new judge, who reasonably concluded that Petitioner's recusal motion should be denied as moot for two reasons   – first, the original trial judge had already effectively removed himself from the case by retiring, and second, there were no longer any pending proceedings in the case for any judge to decide.[8]  Petitioner attempted to appeal that ruling, but the Seventh

---

v. United States, No. 1:08-cv-1416 (N.D.Ill. 2008), Order dated April 22, 2009, (Docket No. 21).

[7]   The Court of Appeals' decision is included in the trial court record from Petitioner's post-conviction proceedings.   James v. United States, No. 1:08-cv-1416 (N.D.Ill. 2008), Order dated June 22, 2010, (Docket No. 37).

[8]   The new judge's ruling on Petitioner's "Motion for Recusal" is included in the trial court record from Petitioner's post-conviction proceedings.   James v. United States, No. 1:08-cv-1416 (N.D.Ill. 2008), Order dated February 1, 2011, (Docket No. 40).

Circuit Court of Appeals summarily dismissed that appeal.

On September 12, 2011, Petitioner filed his present application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.   In this case, Petitioner is once again attempting to challenge his 2002 federal criminal conviction in the Northern District of Illinois.   The current petition presents a single claim for relief, which is essentially a reiteration of Claim 16 of Petitioner's previous § 2255 motion.   Petitioner contends that he was deprived of his constitutional right to effective assistance of counsel when his attorneys encouraged him to enter into the stipulation that prevented him from examining the recording device that was used by a key Government witness.   Petitioner obviously recognizes that his current ineffective assistance claim has already been reviewed and rejected by the trial court judge.   Indeed, the trial judge <u>twice</u> reviewed and rejected that argument – once in his ruling on the § 2255 motion, and again in his ruling on Petitioner's Rule 60(b) motion. However, Petitioner contends that his ineffective assistance claim should be reviewed once again in the present proceedings, because the trial court judge was biased and prejudiced, and his prior rulings on Petitioner's ineffective assistance claim allegedly constitute a "miscarriage of justice."   The Court finds that Petitioner's current claims cannot be entertained here, and this action must be summarily dismissed for lack of jurisdiction.

## II.    DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255.   <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1147 (2005).   Section 2255(e) provides that

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."   (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence.   "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241."   Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).   No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'"   DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.   See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).   The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner obviously is challenging the validity of his 2002 federal criminal conviction in the Northern District of Illinois.   He believes that his conviction should be vacated because he was deprived of his constitutional right to effective assistance of counsel, and because the trial court judge wrongly denied his ineffective

assistance of counsel claim when it was raised in his previous § 2255 motion. Because Petitioner is challenging the validity of his conviction and sentence, his present habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.[9]

Petitioner contends that the savings clause applies here, because his current claims for relief were not properly adjudicated during the course of his previous post-conviction proceedings in the trial court and the Seventh Circuit Court of Appeals. He argues that the remedy provided by § 2255 has proven to be "inadequate or ineffective" for his present claims, because he was not granted the relief he was seeking in those proceedings. This argument must be rejected.

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that

---

[9]    In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is barred from seeking further relief under § 2255 because (a) he has already sought such relief once before, and (b) the one-year statute of limitations that applies to § 2255 motions expired long ago. See 28 U.S.C. §§ 2255(h) and 2255(f). Therefore, it would not be appropriate to treat the present habeas corpus petition as a § 2255 motion, and transfer this matter back to the original trial court. Furthermore, it is clear that Petitioner has deliberately decided to try to challenge his conviction and sentence by means of a § 2241 habeas corpus petition.

Petitioner cannot use the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his § 2255 proceedings.

The Court understands that Petitioner believes the trial court judge committed a critical error when he ruled on Claim 16 of Petitioner's § 2255 motion.   The judge wrote that "the Court deemed valid the government['s assertion of privilege against disclosure of the recording device."   But the basis for this statement is not apparent.   Indeed, much of the record in Petitioner's case, including the published opinion in Petitioner's direct appeal, (see James, 487 F.3d at 527, n. 2), indicates that the trial court never actually ruled on the Government's asserted privilege pertaining to the recording device. Therefore, the trial judge's analysis of Claim 16 is somewhat puzzling.

The fact remains, however, that Petitioner had an opportunity to question the trial court's analysis of Claim 16 by filing a Rule 60(b) motion, and he had another opportunity to raise the issue when he sought appellate review of his § 2255 claims in the Seventh Circuit Court of Appeals.   Moreover, Petitioner actually did challenge the trial judge's resolution of Claim 16 (quite vigorously) in both his Rule 60(b) motion and in his subsequent bid for appellate review.   That challenge, however, was considered and rejected by both the trial court and the Seventh Circuit.

This Court also understands that Petitioner is now attempting to recharacterize his challenge to the trial judge's analysis of Claim 16.   Petitioner previously argued that the trial judge had made a mistake when he wrote that the Government's assertion of privilege was "deemed valid."   Petitioner now argues that the trial judge deliberately misstated that the privilege was "deemed valid," in order to cover up previous mistakes.

10

However, Petitioner could have raised this same argument in his Rule 60(b) motion, and in his subsequent request for appellate review in the Court of Appeals.

Petitioner claims that he was unable to raise his current arguments until he filed his belated "motion of recusal," but that simply is not so.   All of the arguments that Petitioner is attempting to bring here could have been raised during the course of his § 2255 proceedings, i.e., in his Rule 60(b) motion, and in his subsequent attempt to appeal. Petitioner's current arguments are not based on any new facts, any new circumstances, or any new law, which did not exist when his § 2255 proceedings were before the trial court and the Court of Appeals.   Any new claims raised here could have been raised before.   Therefore, Petitioner cannot show that § 2255 is an inadequate or ineffective remedy for his current claims for relief.

It is readily apparent that Petitioner's true objective in this case is to have the Minnesota District Court review and overturn the prior decisions of the District Court for the Northern District of Illinois, and the Seventh Circuit Court of Appeals.   Petitioner is dissatisfied with the previous adjudications of his post-conviction claims, and he wants those claims to be reviewed again here.   However, the Minnesota District Court has no legal authority to review prior rulings by a co-equal district court – not to mention rulings made by a federal appellate court, (i.e., the Seventh Circuit Court of Appeals).   See Larson v. United States, 905 F.2d 218, 222 (8th Cir 1990) (collateral attack on prisoner's conviction must be summarily dismissed where the prisoner "does no more than disagree with the previous habeas court").

The § 2255 savings clause does not allow a federal prisoner to use a § 2241

11

habeas corpus petition as a vehicle for re-raising claims that were raised and adjudicated in prior proceedings.   See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("'[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective'"), quoting Williams v. U.S., 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964) and Overman v. U.S., 322 F.2d 649, 650 (10th Cir. 1963) (per curiam).   This legal principle is clearly explained in two longstanding Seventh Circuit Court of Appeals' opinions that are worth quoting at length, because they are fully relevant to the present case.   In Cain v. Markley, 347 F.2d 408, 410 (7th Cir. 1965), the Court explained:

> "Petitioner's § 2255 motion in the sentencing court was an adequate and effective remedy to test the legality of his detention inasmuch as that court considered and ruled on the identical issue presented in the instant petition for a writ of habeas corpus.   The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device. True, it did not effect petitioner's release.   The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather 'to test' its legality.   The adoption of petitioner's argument would mean that, because of a possible application of different legal principles by the court confronted with a habeas petition and the court which has already ruled on a § 2255 motion, a prisoner would have the right in every instance to retest the legality of his detention."   (Emphasis added.)

Similar reasoning appears in Stirone v. Markley, 345 F.2d 473, 474 (7th Cir.), cert. denied, 382 U.S. 829 (1965), where the Court held:

> "The fact that the [trial] court's disposition of the § 2255 motion was adverse to petitioner, or even, arguendo, incorrect, does not mean that his remedy under that section was 'inadequate or ineffective.'   If that were the rule, any adverse determination by one court of a § 2255 application would be reviewable by another court in a habeas corpus proceeding.   Obviously, such a result was not intended by Congress when it drafted § 2255."

Our Court of Appeals has confirmed that § 2255 cannot be viewed as inadequate

or ineffective "merely because § 2255 relief has already been denied."   United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).   See also Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied").

A prisoner cannot invoke the saving clause merely by arguing (regardless of how vigorously) that he was denied justice in a prior § 2255 proceeding.   Nor can a prisoner invoke the savings clause merely be claiming that his prior § 2255 proceedings were a "miscarriage of justice."   If that argument were valid, then every prisoner would be automatically entitled to a second round of post-conviction review following the denial of a § 2255 motion.   If a prisoner thought his § 2255 claims were wrongly decided, or there had been a "miscarriage of justice," he could simply contend that § 2255 had proven to be an "inadequate or ineffective remedy" for his claims, and he must therefore be allowed to seek relief under § 2241.    The habeas corpus remedy provided by § 2241 would then become a second post-conviction remedy that would be available in virtually every case. The savings clause exception would swallow the exclusive remedy rule and make it meaningless.

Again, the question is not whether § 2255 has, or has not, actually provided the relief sought by the prisoner, but whether that statute has provided the prisoner a means by which relief could be sought.   In this case, Petitioner's current claims for relief were raised, or could have been raised, in his original § 2255 motion, in the Rule 60(b) motion that was part of his § 2255 proceedings, or in his subsequent appeal to the Seventh Circuit.   Because Petitioner has already had an opportunity to raise his current claims for

relief, those claims cannot be entertained here – even if Petitioner thinks they were never properly adjudicated in the past, and there has been a "miscarriage of justice."

## III. CONCLUSION

Because Petitioner is challenging the validity of his 2002 federal criminal conviction in the Northern District of Illinois, his current claims for relief cannot be raised in a § 2241 habeas corpus petition, unless the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." Although Petitioner obviously disagrees with the prior rulings of the trial court and the Seventh Circuit Court of Appeals, that does not mean that the remedy provided by § 2255 is inadequate or ineffective and the "savings clause" applies.

Section 2255 did provide Petitioner an adequate and effective means of collaterally challenging his conviction and sentence, and the trial court, (as well as the Court of Appeals), did, in fact, adjudicate the claims that he previously brought under that statute. Petitioner has not cited any relevant change in the law that would allow him to circumvent § 2255's exclusive remedy provision, and have his claims reconsidered under § 2241. Because the § 2255 savings clause is not applicable here, the Court must recommend that Petitioner's § 2241 habeas corpus petition be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no

jurisdiction to consider his claim in a § 2241 petition").

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be summarily DISMISSED FOR LACK OF JURISDICTION.

Dated: October 5, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 20, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.